Foster, J.
(dissenting). I concur with the opinion of Judge Burke. There is no proof whatever that the confession was involuntary except for the facts of illegal restraint and interrogation, and these matters were submitted to the jury. The rationale of the reversal on the grounds specified seems to me to involve nothing more or less than the proposition that a suspect may not be interrogated by the police without counsel present to advise him to keep silent. Such a policy should not be adopted only in the cases where the suspect, or his family, have means to employ counsel. It should apply to all suspects, and perhaps even to witnesses, whom the police seek to interrogate. This may lead, and it seems to me inevitably so, in all fairness, to the requirement of assigned counsel. Perhaps all confessions in criminal cases are suspect, perhaps their use should be prohibited, but such is not presently the law.
Opinion by Judge Fuld, in which Chief Judge Desmond and Judges Dye and O’Brien* concur, the latter in a separate *163 opinion; Judge Burke dissents and votes to affirm in an opinion in which Judges Van Voorhis and Foster concur in separate opinions in each of which the other concurs and in both of which Judge Burke concurs.
Upon reargument: Judgments of conviction reversed, etc.

 Designated pursuant to section 2 of article VI of the State Constitution in the place of Scileppi, J., disqualified.'